UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

DR. ERNEST C. GARLINGTON,
    Plaintiff,

v.

SUSAN CLIFFORD and COLDWELL
BANKER REAL ESTATE AGENCY,
    Defendants.

No. 17-cv-726 (VAB)

## ORDER ON MOTION TO AMEND COMPLAINT AND MOTION FOR TEMPORARY RESTRAINING ORDER

Dr. Ernest C. Garlington ("Plaintiff") brings this action against Susan Clifford and Coldwell Banker Real Estate Agency ("Coldwell Banker") (collectively, the "Defendants"). ECF No. 1. He previously filed two *ex parte* motions for a temporary restraining order, ECF No. 9; ECF No. 10, which the Court denied without prejudice to renewal because neither motion attached a memorandum of law explaining why Dr. Garlington was entitled to the requested relief. ECF No. 11. On June 26, 2017, Dr. Garlington filed an Amended Complaint. ECF No. 12. On August 4, 2017, Ms. Clifford filed a motion to dismiss the Amended Complaint. ECF No. 24.

On August 7, 2017, Dr. Garlington filed a motion for leave to amend his Amended Complaint, attaching a proposed Second Amended Complaint. ECF No. 29. The proposed Second Amended Complaint seeks to add several additional defendants to this case: Susan O. Storey, Brian Carlow, John Day, Theodore Koch III, David DeRosa, and Bruce McIntyre (collectively, the "Public Defender Defendants"). Each of these parties is, according to the proposed Second Amended Complaint, either affiliated with the Office of the Chief Public

Defender in Hartford, Connecticut or had been appointed as a Special Public Defender in Dr. Garlington's underlying state court criminal or habeas corpus proceedings. *See* Second Amend. Compl. at 4-5, ECF No. 29-1. Dr. Garlington has also filed a renewed motion for a temporary restraining order against Defendants and the Public Defender Defendants. ECF No. 30.

For the reasons that follow, the Court **DENIES** Dr. Garlington's motion for leave to amend his Amended Complaint, ECF No. 29. The Court also **DENIES** Dr. Garlington's renewed motion for a temporary restraining order, ECF No. 30.

## I.     MOTION FOR LEAVE TO AMEND COMPLAINT

Because Dr. Garlington is litigating this case *pro se*, the Court must afford him "special solicitude," including in procedural matters. *See Ruotolo v. I.R.S.*, 28 F.3d 6, 8 (2d Cir. 1994) (providing that district court "should have afforded [pro se plaintiffs] special solicitude" and "had an obligation to make certain that the [plaintiffs] were aware of and understood the consequences to them of their failure to comply with the Local Rules"). As Dr. Garlington prepared his proposed Second Amended Complaint *pro se*, the Court construes his pleadings "liberally" and interprets them "to raise the strongest arguments that they suggest." *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006). Despite the special solicitude that the Court must show Dr. Garlington out of consideration for his *pro se* status, however, his proposed Second Amended Complaint must still meet the "pleading standards otherwise prescribed by the Federal rules of Civil Procedure." *Suares v. Verizon Commc'ns Inc.*, No. 11-CIV-5050 (LAP), 2012 WL 4571030, at *3 (S.D.N.Y. Sept. 29, 2012) (internal quotation marks omitted).

Under Rule 15, when a party is no longer entitled to amend his pleading as a matter of course he "may amend [his] pleading only with the opposing party's written consent or the court's leave," but the "court should freely give leave when justice so requires." Fed. R. Evid.

2

15(a)(2).  "Where it appears that granting leave to amend [a complaint] is unlikely to be productive, however, it is not an abuse of discretion [for the district court] to deny leave to amend.  One appropriate basis for denying leave to amend is that the proposed amendment is futile.  An amendment to a pleading is futile if the proposed claim could not withstand a motion to dismiss" under Rule 12(b)(6).  *Lucente v. Int'l Bus. Machines Corp.*, 310 F.3d 243, 258 (2d Cir. 2002) (internal quotation marks and citations omitted); *see also Nwachukwu v. Liberty Bank*, No. 3:16-cv-704 (CSH), 2016 WL 3647837, at *2 (D. Conn. July 1, 2016) ("Although leave to amend must be freely given under ordinary circumstances, denial is proper where the proposed amendment would be 'futile.'  An amendment is considered 'futile' if the amended pleading fails to state a claim or would be subject to a successful motion to dismiss on some other basis.").

Before allowing Dr. Garlington leave to file the Second Amended Complaint, the Court first considers whether the new allegations in the Second Amended Complaint state a claim and would survive a motion to dismiss under Rule 12(b)(6).  A motion to dismiss for failure to state a claim under Rule 12(b)(6) is designed "merely to assess the legal feasibility of a complaint, not to assay the weight of evidence which might be offered in support thereof."  *Official Comm. of Unsecured Creditors of Color Tile, Inc. v. Coopers & Lybrand, LLP*, 322 F.3d 147, 158 (2d Cir. 2003) (internal citations omitted).  When deciding a Rule 12(b)(6) motion to dismiss, a court must accept the material facts alleged in the complaint as true, draw all reasonable inferences in favor of the plaintiff, and decide whether it is plausible that the plaintiff has a valid claim for relief.  *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007); *In re NYSE Specialists Sec. Litig.,* 503 F.3d 89, 95 (2d Cir. 2007).  A claim is facially plausible if "the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at

678. Although "detailed factual allegations" are not required, a complaint must offer more than "labels and conclusions," "a formulaic recitation of the elements of a cause of action," or "naked assertion [s]" devoid of "further factual enhancement." *Twombly*, 550 U.S. at 555-57. Plausibility at the pleading stage is nonetheless distinct from probability, and "a well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of [the claims] is improbable, and . . . recovery is very remote and unlikely." *Id.* at 556 (internal quotation marks omitted).

Dr. Garlington's proposed Second Amended Complaint intends to adds claims against the Public Defender Defendants under 42 U.S.C. § 1983 ("Section 1983"), 42 U.S.C. §§ 1985(2) and (3) ("Section 1985(2)" and "Section 1985(3)", and 42 U.S.C. § 1986 ("Section 1986"). *See* Second Amend. Compl. at 3. As the Court explains below, because the Second Amended Complaint fails to state these claims against the Public Defender Defendants and would not survive a motion to dismiss under Rule 12(b)(6), it would be futile to grant Dr. Garlington's current motion for leave to amend his pleading. *See Lucente*, 310 F.3d at 258. The Court will therefore deny Dr. Garlington's motion for leave to amend his Complaint.

### A. Section 1983

#### 1. *Heck v. Humphrey*

All of the claims that Dr. Garlington raises in his proposed Second Amended Complaint are concerned with challenging the validity of his underlying state court criminal conviction and sentence, as they all center on allegations that the judge presiding over his criminal proceeding and the subsequent habeas proceedings had a financial conflict of interest. *See generally* Second Amend. Compl. The Supreme Court has explained that such allegations do not state a Section 1983 claim:

4

> We hold that, in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a [Section 1983] plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus. A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under [Section 1983].

*Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994). Thus, whenever a "a state prisoner seeks damages in a [Section 1983] suit," the Court must first " consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated." *Id.* at 487; *see also Covington v. City of New York*, 171 F.3d 117, 124 (2d Cir. 1999) ("In *Heck*, the Court held that [Section 1983] actions, like civil tort actions, are not appropriate vehicles for challenging the validity of outstanding criminal judgments. In order to protect against such collateral attack against state convictions or sentences, the Court required proof that the state conviction or sentence has been invalidated before a [Section 1983] action could arise." (internal quotation marks omitted)).

While the *Heck* ruling left open the possibility that a state prisoner could state a Section 1983 claim alleging a due process violation and challenging the "validity of the procedures," that allegedly deprived him of his rights, the Supreme Court went on to explain that such claims are "not cognizable under [Section 1983]" if they are "based on allegations of deceit and bias on the part of the decisionmaker that necessarily imply the invalidity of the punishment imposed." *Edwards v. Balisok*, 520 U.S. 641, 643, 648 (1997)*; see also Poventud v. City of New York*, 750 F.3d 121, 129 (2d Cir. 2014) ("A later decision clarified that even suits alleging the use of improper procedures would be barred where the nature of the challenge to the procedures could

5

be such as necessarily to imply the invalidity of the judgment." (internal quotation marks omitted)).[1]

Because all of Dr. Garlington's claims, by alleging that the judge presiding over his underlying state court criminal proceedings and habeas proceedings has a financial conflict of interest along with related allegations about the judge's alleged ability to intimidate Dr. Garlington's public defenders, necessarily challenge the validity of his conviction, his proposed Second Amended Complaint does not state a claim under Section 1983. *See Heck*, 512 U.S. at 486-87.

### 2. Color of State Law

"Section 1983 creates a cause of action only against persons acting under color of state law. A public defender does not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding." *Tapp v. Champagne*, 164 F. App'x 106, 108 (2d Cir. 2006) (internal quotation marks omitted) (summary order); *see also Polk Cty. v. Dodson*, 454 U.S. 312, 215 (1981) ("With respect to Dodson's [Section 1983] claims against Shepard, we decide only that a public defender does not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding."). This rule also applies to "court appointed attorneys performing a lawyer's traditional functions as counsel to a [criminal] defendant." *Browdy v. Karpe*, 131 F. App'x 751, 753 (2d Cir. 2005) (internal quotation marks omitted). The Second Circuit has further found that plaintiffs cannot avoid the *Polk* holding "by alleging that the public defenders in his case

---

[1] Dr. Garlington's pending motion for a temporary restraining order argues that *Heck* does not apply if a prisoner is challenging the constitutionality of the procedures used in reaching his conviction, TRO Motion at 2, ECF No. 30, but this is a misreading of the *Edwards* precedent, which provided that claims challenging the validity of the procedures used to apply a punishment on a criminal defendant in the state system are "not cognizable under [Section 1983]" if they are "based on allegations . . . that necessarily imply the invalidity of the punishment imposed." *Edwards*, 520 U.S. at 648.

conspired with judges and district attorneys," and that such conclusory allegations are "insufficient . . . to establish that the public defenders were acting under color of state law," as would be required to support a Section 1983 claim. *Tapp*, 164 F. App'x at 108. This is consistent with the general rule that "merely conclusory allegation[s] that a private entity acted in concert with a state actor does not suffice to state a [Section 1983] claim against a private party." *Browdy*, 131 F. App'x at 753.

Based on Dr. Garlington's own allegations in the proposed Second Amended Complaint, each of the Public Defender Defendants, the parties that he seeks to add as Defendants, are either affiliated with the Office of the Chief Public Defender or were appointed as Special Public Defenders. *See* Second Amend. Compl. at 2, 5. Dr. Garlington's claims against the Public Defender Defendants are based entirely on their alleged involvement with his underlying state court criminal proceeding and the related state court habeas proceedings. *See id.* at 5-7. Because public defenders do not act "under color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding," *Tapp,* 164 F. App'x at 108, the proposed Second Amended Complaint could not state a Section 1983 claim against them, even if his claims weren't also barred by *Heck v. Humphrey*, 512 U.S. 477 (1994) for the reasons the Court explained above . *See Browdy*, 131 F. App'x at 753 (extending *Polk* to "court appointed attorneys" acting as public defenders). Nor are Dr. Garlington's conclusory allegations that the Public Defender Defendants conspired with others to violate his rights sufficient to state a Section 1983 claim against the Public Defender Defendants. *See Tapp*, 164 F. App'x at 108.

    **B.**    **Section 1985(2)**

Section 1985(2), in relevant part, prohibits conspiracies to "imped[e] . . . the due course of justice in any State . . . with intent to deny to any citizen the equal protection of the laws, or

to injure him . . . for lawfully enforcing, or attempting to enforce, the right of any person, or class of persons, to the equal protection of the laws." 42 U.S.C. § 1985(2); *see also Johns v. Home Depot U.S.A., Inc.*, 221 F.R.D. 400, 406 (S.D.N.Y. 2004) (identifying this clause as "impos[ing] liability for interference with state judicial proceedings" as opposed to the first provision that applies to federal proceedings).

This provision of the statute requires "that conspirators' actions be motivated by an intent to deprive their victims of equal protection of the laws," and "has been interpreted to mean that plaintiff must allege discriminatory racial, ethnic, or class-based animus motivating the conspirators' action[s]" in order to state a claim. *Khan v. City of New York*, No. 14-CV-4665 (SLT) (VMS), 2016 WL 1128298, at *7 (E.D.N.Y. Feb. 1, 2016), *adopted by*, 2016 WL 1192667 (E.D.N.Y. Mar. 21, 2016) (internal quotation marks omitted); *see also Keating v. Carey*, 706 F.2d 377, 385 (2d Cir. 1983) (explaining that the relevant provision of Section 1985(2) "makes it unlawful to obstruct the course of justice in state courts with the intent to deny to any citizen the equal protection of the laws" language that in Section 1985(3) the Supreme Court has held requires a plaintiff to allege "some racial, or perhaps otherwise class-based invidiously discriminatory animus behind the conspirators' action[s]" (internal quotation marks omitted)).

Dr. Garlington does not allege that the actions of any of the Defendants were taken because of his race or because of any other class-based discriminatory animus. Instead all of the allegations in the proposed Second Amended Complaint are based on alleged financial conflicts of interest of Ms. Clifford and other individuals connected with his underlying state court criminal proceeding and habeas proceedings. Thus, the Court finds that the proposed Second Amended Complaint fails to state a claim under Section 1985(2).

### C. Section 1985(3)

Section 1985(3) prohibits conspiracies to deprive "any person or class of persons of the equal protection of the laws." 42 U.S.C. § 1985(3). In order to state a claim under Section 1985(3), a plaintiff must allege that: (1) the defendants were part of a conspiracy; (2) the purpose of the conspiracy was to deprive "either directly or indirectly, any person or class of persons of equal protection of the laws, or of equal privileges and immunities under the laws;" (3) an overt act "in furtherance of the conspiracy;" and (4) an injury to "his person or property" or a deprivation of his rights. *Mian v. Donaldson, Lufkin & Jenrette Sec. Corp.*, 7 F.3d 1085, 1087-88 (2d Cir. 1993) (listing elements of Section 1985(3) claim). Furthermore, in order to make a viable Section 1985(3) claim, a plaintiff must also show that the conspiracy was motivated by "some racial or perhaps otherwise class-based, invidiously discriminatory animus." *Id.* at 1088 (internal quotation marks omitted).

The Supreme Court has explained that Section 1985(3) may not be construed as a "general federal tort law" and is certainly not "intended to apply to all tortious, conspirational interferences with the rights of others." *Griffin v. Breckinridge*, 403 U.S. 88, 101 (1971). Instead, Section 1985(3) only covers actions involving an "intent to deprive of equal protection," requiring "discriminatory animus," and does not provide a cause of action based on the denial of due process or other constitutional rights. *Id.* at 101-02; *see also Bray v. Alexandria Women's Health Clinic*, 506 U.S. 263, 267-68 (1993) ("Our precedents establish that in order to prove a private conspiracy in violation of the first clause of § 1985(3), a plaintiff must show ... that some racial, or perhaps otherwise class-based, invidiously discriminatory animus lay behind the conspirators' action." (internal quotation marks omitted)).

As explained above, Dr. Garlington does not allege that the actions of any of the Defendants were taken because of his race or because of any other class-based discriminatory animus. Instead his allegations are based on alleged financial conflicts of interest of Ms. Clifford and other individuals connected with his underlying state court proceedings. *See generally* Second Amend. Compl. Thus, the Court finds that the proposed Second Amended Complaint fails to state a claim under Section 1985(3).

### D. Section 1986

"A valid [Section 1986] claim must be predicated upon a valid [Section 1985] claim." *Mian*, 7 F.3d at 1088 (2d Cir. 1993); *see also Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 222 n. 28 (1970) (Brennan, J., concurring in part and dissenting in part). Thus, a prerequisite for an actionable claim under Section 1986 is a viable claim under Section 1985. As explained above, Dr. Garlington's proposed Second Amended Complaint does not state a claim under 42 U.S.C. §§ 1985 (2) or (3). As such, the Court finds that his proposed Second Amended Complaint also does not state a claim under Section 1986.

## II. MOTION FOR A TEMPORARY RESTRAINING ORDER

Dr. Garlington has also filed a motion for a temporary restraining order and preliminary injunction based on the proposed Second Amended Complaint and against all parties listed in the proposed Second Amended Complaint. ECF No. 30. "It is well established in this Circuit that the standard for an entry of a TRO is the same as for a preliminary injunction." *Andino v. Fischer*, 555 F. Supp. 2d 418, 419 (S.D.N.Y. 2008). "A party seeking a preliminary injunction must demonstrate (1) irreparable harm in the absence of the injunction and (2) either (a) a likelihood of success on the merits or (b) sufficiently serious questions going to the merits to

make them a fair ground for litigation and a balance of hardships tipping decidedly in the movant's favor." *MyWebGrocer, LLC v. Hometown Info, Inc.*, 375 F.3d 190, 192 (2d Cir. 2004).

As the Court explained above, the proposed Second Amended Complaint fails to state a claim under Section 1983, Section 1985(2), Section 1985(3), or Section 1985(6). Just as allowing "amendment to a pleading is futile if the proposed claim could not withstand a motion to dismiss," *Lucente*, 310 F.3d at 258, Dr. Garlington will also be unable to show either a "likelihood of success on the merits" or "sufficiently serious questions going to the merits to make them a fair ground for litigation," and he is not, therefore entitled to a preliminary injunction or temporary restraining order. *MyWebGrocer*, 375 F.3d at 192.

## III. CONCLUSION

For the foregoing reasons, the Court **DENIES** Dr. Garlington's motion for leave to amend his Amended Complaint, ECF No. 29. The Court also **DENIES** Dr. Garlington's renewed motion for a temporary restraining order, ECF No. 30.

SO ORDERED at Bridgeport, Connecticut, this 10th day of August, 2017.

/s/ Victor A. Bolden
Victor A. Bolden
United States District Judge