UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

EARNEST C. GARLINGTON,
    *Plaintiff*,

v.

SUSAN CLIFFORD *et al.*,
    *Defendants*.

No. 3:17-cv-00726 (VAB)

**RULING AND ORDER ON MOTION TO ALTER OR AMEND JUDGMENT**

Ernest Garlington ("Plaintiff"), incarcerated at the MacDougall-Walker Correctional Institution in Suffield, Connecticut, and proceeding *pro se*, has sued Susan Clifford and Coldwell Banker Real Estate Agency ("Coldwell Banker") (collectively "Defendants") under 42 U.S.C § 1983 for conspiring to violate his rights under the Fifth, Sixth, and Fourteenth Amendments of the U.S. Constitution and under 42 U.S.C. § 1985.

Mr. Garlington has moved for an extension of time to move for reconsideration and separately moved for reconsideration of the Court's March 24, 2018, Order denying as futile Mr. Garlington's motion to amend the First Amended Complaint.

For the following reasons, both motions are **DENIED**.

**I.    FACTUAL AND PROCEDURAL BACKGROUND**

    **A.    Factual Allegations**

The Court assumes the reader's familiarity with the factual allegations of the underlying matter, *see generally Garlington v. Clifford*, No. 3:17-CV-726 (VAB), 2018 WL 1472519 (D. Conn. Mar. 24, 2018), and will include here only those facts necessary to resolve this motion.

1

Mr. Garlington is currently serving a thirty-three year term of incarceration for allegedly conspiring to murder the ex-husband of Mr. Garlington's wife. Am. Compl. at 19. Mr. Garlington claims that he has been deprived of his right to "meaningful, adequate and effective access to the court." Second Am. Compl. at 19.

The proposed Second Amended Complaint alleges that Susan Storey is Chief of the Connecticut Public Defender Service. Second Am. Comp. at 5. Mr. Garlington alleges that Ms. Storey, along with Deputy Chief Brian Carlow and Director of Assigned Counsel John Day, allegedly assigned Attorneys McIntyre, Koch, and DeRosa to Mr. Garlington's case. Second Am. Compl. at 8–10. Mr. Garlington further alleges that Ms. Storey failed to supervise the assigned public defenders which "allowed the assigned counsels defendants Bruce McIntyre, Theodore Koch and David DeRosa to permit this conspiracy to obstruct the due course of justice to go undetected." Second Am. Compl. at 12.

**B.     Procedural Background**

Mr. Garlington filed a Complaint with this Court on May 2, 2017, ECF No. 1, and an amended one on June 26, 2017. ECF No. 12. This Amended Complaint is the operative one.

On December 27, 2017, Mr. Garlington moved to amend the First Amended Complaint. ECF No. 57. The proposed Second Amended Complaint sought declaratory relief and money damages. Sec. Am. Compl. at 12–13. The Court denied that motion as futile on March 24, 2018, and dismissed Mr. Garlingtons case for failure to state a claim. ECF No. 67.

On April 18, 2018, Mr. Garlington moved for an enlargement of time to file a motion for reconsideration. ECF No. 70. The following day, he moved for reconsideration of the Court's March 24, 2018, Order denying the motion amend the First Amended Complaint. ECF No. 69.

## II. STANDARD OF REVIEW

A motion made under Rules 59(e) and 60(b) of the Federal Rules of Civil Procedure is considered a motion for reconsideration. *See Krohn v. New York City Police Dep't*, 341 F.3d 177, 179 (2d Cir.) (noting that a party timely filed for reconsideration under Fed. R. Civ. P. 59(e) and Fed. R. Civ. P. 60(b)). "The standard for granting [a motion for reconsideration] is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked—matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995).

"The major grounds justifying reconsideration are an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." *Virgin Atlantic Airways, Ltd. v. Nat'l Mediation Bd.*, 956 F.2d 1245, 1255 (2d Cir. 1992) (internal citations omitted). A motion for reconsideration generally does not allow the moving party to revisit arguments that have already been presented before the court. *See Shrader*, 70 F.3d at 257 ("[A] motion for reconsideration should not be granted where the moving party seeks solely to relitigate an issue already decided.").

## III. DISCUSSION

### A. Timeliness

As a preliminary matter, Mr. Garlington's request for relief is untimely. A motion for reconsideration must be filed within seven days of the filing of the order from which such relief is sought. D. Conn. L. Civ. R. 7(c)(1). A motion for extension of time "shall be filed at least three (3) days before the deadline sought to be extended . . . ." D. Conn. L. Civ. R. 7(b)(3). Mr. Garlington moved for an extension of time to move for reconsideration on April 18, 2018. ECF

No. 70. Mr. Garlington stated that he did not receive the Court's March 24, 2018, Order until April 10, 2018, and has "limited access to law library services." *Id.* Even if the seven-day limitations period for reconsideration began to run on the day he allegedly received the ruling, he would have had to sought reconsideration by April 17, 2018. Mr. Garlington did not seek leave to file for reconsideration after the filing deadline until April 18, 2018. Thus, both the motion for extension of time and the motion to reconsider are untimely.

"The Local Rules are not merely the hopes, dreams, or suggestions of this [C]ourt; they make up the framework within which cases are decided in this district." *Am. Lines, LLC v. CIC Ins. Co., A.V.V., S.A.*, No. 3:03-cv-1891 (JCH), 2004 WL 2381717, at *7 (D. Conn. Sept. 30, 2004). As Mr. Garlington's motions are late, they are denied. *See, e.g.*, *Justice v. King*, 628 Fed. App'x 58, 59 (2d Cir. 2016) (affirming dismissal of a *pro se* plaintiff's complaint as untimely); *Brown v. Tuttle*, No. 3:13-cv-1444 (VAB), 2015 WL 4546092, at *2 (D. Conn. July 28, 2015) (denying a motion for reconsideration as untimely); *Edwards v. Arnone*, No. 3:11-cv-1537 (AVC), 2012 WL 879235, at *1 (D. Conn. Mar. 13, 2012) (same).

Notwithstanding the untimeliness of Mr. Garlington's motion for reconsideration, the Court considers the motion and finds that it fails to meet the Second Circuit's standard for reconsideration. *See Shrader*, 70 F.3d at 257.

### B. Section 1983 State Actor

Mr. Garlington claims that this Court committed plain legal error when it ruled that "neither Mr. Koch nor any other public defenders . . . are state actors," Mot. to Alter or Amend Judgment at 1, ECF No. 69, and thus it would not have been futile for the Court to grant leave to amend the First Amended Complaint. The Court disagrees.

4

To support this claim, Mr. Garlington makes two arguments. First, he argues that there was an intervening change in controlling law. *Id.* Second, he argues that Ms. Storey, who he seeks to add as a party in the proposed Second Amended Complaint, ECF No. 57, is materially distinguishable from Mr. Koch and other public defenders in her role as Chief of Connecticut Public Defender Services. Motion to Alter or Amend Judgment at 1.

Mr. Garlington cites *Ingle ex rel. Estate of Ingle v. Yelton*, 439 F.3d 191 (4th Cir. 2006), as an intervening change in controlling law. This case however is neither intervening nor controlling. Decided in 2006, twelve years before the judgment in Mr. Garlington's case, *Yelton* is not an intervening change in controlling law. In any event, *Yelton* is a Fourth Circuit case, not binding on this Court, which is in the Second Circuit. Additionally, even if *Yelton* was controlling, it would be inapposite to this case. *Yelton* involved a § 1983 claim against police officers that shot and killed the plaintiff's son. *Yelton*, 439 F.3d at 193. *Yelton* addressed whether the plaintiff was entitled to discovery before summary judgment. *Id.*

Mr. Garlington also argues that Ms. Storey is distinguishable from Mr. Koch because "her role is administrative in that she makes and enforces policies, and she never represents defendants in any traditional sense." Mot. to Alter or Amend Judgment at 1. The Court disagrees.

In *Polk City v. Dobson*, the U.S. Supreme Court addressed whether public defenders act "under color of state law." 454 U.S. 312, 314 (1981). The Supreme Court held that public defenders do not act "under color of state law in exercising [their] independent professional judgment in a criminal proceeding . . ." *Id.* at 324. While the Supreme Court left open the possibility that an administrator in a public defender office could be liable under 42 U.S.C. § 1983, *see* 454 U.S. at 325 ("It may be – although the question is not present in this case – that a public defender also would act under color of state law while performing certain administrative

5

and possibly investigative functions."), nothing in the Supreme Court's decision can properly be read as subjecting a public defender to liability under Section 1983 simply because that person supervised another public defender engaged in providing legal services to a criminal defendant. *See id.* at 318–19 ("In our system a defense lawyer characteristically opposes the designated representatives of the State. The system assumes that adversarial testing will ultimately advance the public interest in truth and fairness. But it posits that a defense lawyer best serves the public, not by acting on behalf of the State or in concert with it, but rather by advancing the 'undivided interests of the client.' This is essentially a private function, traditionally filled by retained counsel, for which state office and authority are not needed.") (footnote omitted)

In the proposed Second Amended Complaint, Mr. Garlington alleged that Ms. Storey is a "public defender," but he fails to plead any factual detail that would plausibly suggest that as a public defender she is subject to suit under 42 U.S.C. § 1983. Second Am. Compl., ECF No. 57. Mr. Garlington argues that Ms. Story should be subject to suit because she is directly appointed by and reports to the "state chief officer," submits funding requests to this officer, and she makes and enforces policy. *Id.* But in *Dodson*, the lower court dismissed the suit against Offender Advocate for Polk County, which had assigned the public defender to represent the appellee.

The Supreme Court upheld that ruling and noted specifically: "This assignment entailed functions and obligations in no way dependent on state authority." 454 U.S. at 318. Thus, even if Ms. Story's "only" role is to "enforce and make policy," as Mr. Garlington suggests, nothing in *Dobson* can be reasonably read to hold that Ms. Story, acting as a supervisor or policy maker, is a state actor. *See id.* at 320. Indeed, although *Dobson* recognized that "State decisions may determine . . . the size of [a public defender's] caseload," Ms. Story's alleged role as policy maker is in furtherance of serving the interests of criminal defendants, the nature and function of

6

which cannot be, as *Dobson* teaches, a creature of state power. *Id.* at 321. In other words, Mr. Garlington's argument that Ms. Story is not a public defender "in any traditional sense" is unavailing. Pl.'s Br. at 2.

Liberally construed, the proposed Second Amended Complaint therefore has "not nudged [Mr. Garlington's] claims across the line from conceivable to plausible, *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007), and grating leave to amend the First Amended Complaint would have been futile. *See Foman v. Davis*, 371 U.S. 178, 182 (1962) (instructing that a court, when considering whether to grant a litigant leave to amend, should consider such factors as undue delay, bad faith, dilatory motive, undue prejudice and futility of the amendment).

Having raised no compelling reason for reconsideration, the Court declines to do so now.

### C. Supervisory Liability

Mr. Garlington also claims that Ms. Storey is subject to supervisory liability under 42 U.S.C. § 1983. Mot. to Alter or Amend Judgment at 2. Mr. Garlington cites *Colan v. Coughlin*, 58 F.3d 865 (2d Cir. 1995) to support his claim. *Id.* In order to be held liable under § 1983, a defendant must be a state actor. *Lugar v. Edmondson Oil Co., Inc.*, 457 U.S. 922, 929 (1982) ("[I]t is clear that in a § 1983 action brought against a state official, the statutory requirement of action 'under color of state law' and the 'state action' requirement of the Fourteenth Amendment are identical."). As discussed above, a public defender does not act under color of state law and there therefore can be no state action. Because Mr. Garlington has plead that Ms. Storey is a public defender, supervisory liability under § 1983 does not attach.

## IV. CONCLUSION

For the reasons discussed above, the motion for reconsideration is **DENIED**.

**SO ORDERED** at Bridgeport, Connecticut, this 19th day of July, 2018.

                                                /s/ Victor A. Bolden
                                           VICTOR A. BOLDEN
                                           UNITED STATES DISTRICT JUDGE